**Leon F. SHACKELL, Appellant,**

v.

**Robert C. WATSON, Commissioner of Patents, Appellee.**

**No. 13875.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 12, 1957.

Decided March 20, 1958.

———————

Mr. Leon F. Shackell, appellant pro se.

Mr. Joseph Schimmel, Atty., U. S. Pat. Off., with whom Mr. Clarence W. Moore, Solicitor, U. S. Pat. Off., was on the brief, for appellee.

Before PRETTYMAN, WASHINGTON and BURGER, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a civil action brought under Section 145, Title 35, of the United States Code, against the Commissioner of Patents for authorization of a patent. The complaint was dismissed by the District Court on the ground that the claims at issue did not define a patentable invention.

Caustic phenols have a corrosive effect on human skin—a burning sensation followed by whitening and necrosis of tissue. It is well known that these phenols have a considerable germicidal power. They are also useful as solvents for the removal of carbon and gum deposits from internal combustion engines. In the latter use, however, the material tends to splash on the hands, arms, and even the face of the operator, resulting in serious dermatitis conditions.

In the art prior to Shackell's application is a patent to one Backoff (Patent No. 2,347,983), in which he claimed that the addition to the caustic phenol of suitable miscible esters of aromatic acids substantially inhibits the escharotic action. He claimed that, while his compositions might have a wide variety of uses, they are particularly effective as solvents. Shackell's claims presently at issue (claims 5 and 24) are broad claims directed to the use of classes of polar materials, including esters of non-aromatic acids, as additives to caustic phenols to produce a germicidal composition. The Patent Office and the District Court denied the claims, on the ground they were not inventions over Backoff. We agree with them.

Shackell did not discover the germicidal properties of caustic phenols. He did not discover that the addition of the esters of certain acids so reduced the corrosive effect of phenols as to make the resulting composition harmless to human skin. The idea contributed by him was merely that the resulting composition was usable as a germicide on skin, a fact observable to anyone familiar with the chemical properties of the composition. He says his invention is novel because of his concept that the addition of a suitable polar material to a caustic phenol acts in a twofold, selective manner, reducing causticity but not the germicidal power. We do not agree that this concept is patentable invention.

Shackell says his use of the esters of non-aromatic acids is invention over Backoff's use of esters of aromatic acids. This is peculiarly a question of fact dependent upon expert chemical knowledge, to be resolved in the first instance in the Patent Office and in the second instance by findings of the District Court upon expert testimony. We are not shown that the findings of those tribunals are clearly erroneous. Appellant himself disclosed in claim 1 of his application (not here at issue) that the esters of aromatic acids, disclosed in Backoff, and the esters of non-aromatic acids defined in claim 24 here at issue are equivalents. Shackell does not show or claim that the use of the esters of aromatic acids destroys or reduces the germicidal power of the phenols.

Affirmed.